UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON F. CURRIE,

                     Plaintiff,         17-CV-602(MAT)

      v.                            **DECISION**
                                         **and ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

## INTRODUCTION

Jason F. Currie, ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. ##12, 14.

## BACKGROUND

### A. Procedural History

Plaintiff filed an application for SSI alleging disability since October 9, 2013, based on right-arm nerve damage from a gunshot wound, sleep apnea, and high blood pressure. T. 178.[1] Plaintiff's application was denied, and he requested a hearing before an Administrative Law Judge ("ALJ"). T. 77-93. ALJ Susan

---

[1] "T.__" refers to pages of the administrative record. Dkt. #9.

Smith held a hearing on December 3, 2015, where Plaintiff testified with counsel. T. 32-76. On March 24, 2016, the ALJ issued a decision finding Plaintiff not disabled. T. 14-31. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied. T. 1-6, 156-59. The ALJ's determination thus became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 1383(c)(3). This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence and free of legal error. See Pl. Mem. (Dkt. #12-1) 23-29; Comm'r Mem. (Dkt. #14-1) 9-17.

**B. The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since his application date; (2) he had the severe impairments of brachial plexus injury status post gunshot wound 2012, cervical and lumbar strains, multiple strains/sprains post a motor vehicle accident in 2014, degenerative changes, and obesity (weight of 350 pounds at a height of 67 inches); (3) his impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ

found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional limitations: Plaintiff could lift no more than five pounds occasionally with the right upper extremity, and could only occasionally stoop, kneel, balance, crouch, climb stairs and ramps, push and pull with his right upper extremity, and handle, finger, and feel with his right hand; Plaintiff should avoid climbing ladders or scaffolds, avoid all exposure to hazards including unprotected heights and dangerous moving machines, and avoid concentrated exposure to extreme cold or hot temperatures; (4) Plaintiff had no past relevant work; and (5) considering his RFC and vocational factors of age, education, and work experience, he could make a successful adjustment to unskilled light work existing in significant numbers in the national economy, including inspector, machine tender, and bottling line attendant. T. 19-27. The ALJ concluded that Plaintiff was not disabled under the Act.

## DISCUSSION

**A.  Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B.   Opinion Evidence**

Plaintiff contends that the ALJ erred in evaluating the medical opinions when she failed to assess the records or opinion of Plaintiff's treating physician and pain management providers. Pl. Mem. 25-28.

The record indicates as follows. In April 2015, chiropractor Neal Pignatora conducted an independent examination of Plaintiff and opined he was able to perform his usual activities of daily living, including occupational duties with no restrictions. T. 400.

In November 2015, Dr. Michael Calabrese of the Diabetes Wellness Clinic, who had previously seen Plaintiff in 2014 for management of pre-diabetes, T. 544-46, examined Plaintiff for car accident injuries. T. 526-30. He opined that Plaintiff was temporarily totally impaired because of the motor vehicle accident. T. 530.

In December 2015, chiropractor Michael Cardamone completed a medical source statement wherein he opined that Plaintiff could occasionally lift up to 20 pounds and carry up to 10 pounds, sit two hours, stand one hour, and walk one hour. T. 519-20. He stated Plaintiff could only occasionally reach, push, pull, and use his feet to operate foot controls, but could frequently handle, finger, and feel. T. 521. He indicated that Plaintiff would need to take

4

unscheduled breaks two to three times per day and would miss work more than four days per month; Plaintiff could never climb ladders or scaffolds or work around unprotected heights; could occasionally work around moving mechanical parts, vibrations, and motor vehicles; and could continuously work around humidity, wetness, pulmonary irritants, and extreme temperatures. T. 522-23.

The ALJ weighed these opinions in assessing Plaintiff's RFC. T. 23-24. In doing so, she afforded little weight to Dr. Calabrese's opinion that Plaintiff was unable to be gainfully employed and was temporarily totally impaired because such a statement of disability is an opinion on an issue "reserved exclusively to the Commissioner," and thus was not entitled to deference. T. 23, 530. It is true that the disability determination is an administrative finding that is dispositive of the case and, as such, is an issue reserved to the Commissioner. See 20 C.F.R. § 416.927(d)(1)-(3) (treating source opinions on issues that are reserved to the Commissioner are never entitled to any special significance); see also Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)( "A treating physician's statement that [plaintiff] is disabled cannot itself be determinative."). Moreover, the ALJ noted that Dr. Calabrese's opinion conflicted with Plaintiff's self-report that physical therapy had improved his range of motion, mobility, and overall level of functioning, T. 526, as well as with Plaintiff's admitted activities, which included coaching baseball

5

and walking for transportation. T. 69, 543. Additionally, Dr. Calabrese's opinion that Plaintiff was unable to be gainfully employed and was temporarily totally impaired, T. 530, conflicted with chiropractor Pignatora's opinion that Plaintiff was able to perform his usual activities of daily living, including occupational duties with no restrictions. T. 400. An ALJ must consider whether an opinion is consistent with the record as a whole. See 20 C.F.R. § 416.927(c)(4); see also Domm v. Colvin, 579 Fed. Appx. 27, 28 (2d Cir. Sept. 23, 2014) (unpublished) (ALJ may discount the opinion of a treating physician when the opinion is internally inconsistent, inconsistent with other evidence, and inconsistent with the claimant's testimony).

With respect to chiropractor Cardamone's opinion, the ALJ afforded it "some weight" and adopted his assessed postural and environmental limitations, while rejecting his findings that were inconsistent with the record evidence. T. 24. The ALJ's RFC determination accounted for those postural and environmental restrictions, which limited Plaintiff to occasional stooping, kneeling, balancing, crouching, and climbing ramps and stairs; and avoiding hazards, extreme temperatures, and climbing ladders and scaffolds. T. 20. While Cardamone opined that Plaintiff could lift up to 20 pounds, carry up to 10 pounds, and frequently handle, finger, and feel, T. 519, 521, the ALJ found that Plaintiff was limited to lifting no more than five pounds and only occasionally

6

handling, fingering, and feeling with the right hand. T. 20. The ALJ concluded that the part of the opinion limiting Plaintiff to less than the full range of sedentary work was not supported by the evidence of record. T. 24. The ALJ's rejection of Cardomone's opinion was not legally flawed, as an ALJ may reject portions of a medical opinion not supported by and even contrary to the objective evidence of record while accepting those portions that are supported by substantial evidence. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (it is within the ALJ's discretion to sort through and resolve conflicts in the evidence).

Plaintiff further claims that the ALJ did not properly consider and weigh a purported opinion from his health care providers at the at New York Spine and Wellness Center. Pl. Mem. 26-27. However, none of those providers issued a medical opinion as to Plaintiff's functional limitations. The records from Physician Assistant Ross Guarino and Drs. Jerry Tracy and Jafar Saddiqui contain Plaintiff's medical history and subjective complaints, examination findings, and treatment recommendations. T. 402-44. Contrary to Plaintiff's suggestion, see Pl. Mem. 25-26, these providers did not opine as to any functional limitations resulting from Plaintiff's conditions. While the ALJ did discuss the treatment notes (observing they reflected "conservative treatment"), T. 22, there was no medical opinion, as defined by the regulations, for the ALJ to weigh. See 20 C.F.R. § 416.927(a)(1)

("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). The ALJ therefore did not err in her handling of the treatment notes from the New York Spine and Wellness Center. See Gray v. Astrue, No. 06-cv-0456, 2009 WL 790942, at *8 (N.D.N.Y. Mar.20, 2009) ("The opinion of a treating physician is not entitled to controlling weight where the opinion is not a functional analysis.") (citing George v. Bowen, 692 F.Supp. 215, 219 (S.D.N.Y. 1988) (concluding that treating physician's report was not entitled to controlling weight as it contained no assessment of plaintiff's ability to lift and carry weight); see also Duffy v. Comm'r, No. 17-CV-3560, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), report and recommendation adopted, No. 17-CV-3560, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018) ("Treatment notes and records are not afforded the same deference and the ALJ is not required to assign them a specific weight, let alone controlling weight.").

**C. RFC Finding**

Plaintiff also argues that the ALJ formulated Plaintiff's RFC without supporting opinions from medical sources regarding functional limitations, and that the RFC is therefore unsupported by substantial evidence. Pl. Mem. 28-29.

8

As stated earlier, the RFC finding is an administrative finding that is dispositive of whether a claimant is disabled under the Act. See 20 C.F.R. § 416.945. Although the ALJ considers opinions from medical sources, the final responsibility for determining the RFC is reserved to the Commissioner. See id. § 416.927(d)(2). The ALJ has the responsibility to determine a claimant's RFC, based on all of the relevant medical and other evidence in the record. See id. §§ 416.927(d)(2), 416.945(a), 416.946(c); Snell, 177 F.3d at 133 (the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ).

This is exactly what the ALJ did here. In her decision, the ALJ thoroughly reviewed the medical record, noting that much of Plaintiff's treatment was considered "conservative," including chiropractic and physical therapy for his brachial plexus injury and neck and back injuries, occasional use of prescription medications for pain, a "somewhat normal level of daily activity and interaction," and the treatment notes indicating that Plaintiff's most severe condition was improving, not worsening. T. 21-25. No surgical intervention was recommended,[2] T. 24, and his hearing testimony suggested that his longstanding unemployment may not have been attributable to his medical problems. T. 25. In sum, the ALJ evaluated all of the relevant evidence in formulating

---

[2] Plaintiff underwent surgery to remove the bullet from his right upper chest in 2012. Thereafter, his condition progressively improved. T. 21-22.

9

Plaintiff's RFC. See Johnson v. Colvin, 669 Fed. Appx. 44, 46-47 (2d Cir. 2016) (citing 20 C.F.R. § 416.945(a)(3), explaining that an ALJ looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC); see also Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render a RFC finding consistent with the record as a whole). Simply because the ALJ afforded no single opinion controlling weight does not mean, in this case, that she substituted her own expertise of the medical proof for medical opinion. Where, as here, "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," Tankisi v. Comm'r of Social Sec., 521 Fed. Appx. 29, 34 (2d Cir. 2013), a medical source statement or formal medical opinion is not necessarily required.

For all of these reasons, I find that the ALJ's analysis of the medical opinions and her RFC finding are supported by substantial evidence in the record.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally flawed and is based on substantial evidence and is, therefore, affirmed. The Commissioner's motion for judgment on the pleadings is granted, and

Plaintiff's motion for judgment on the pleadings is denied. The Clerk of Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 17, 2018